**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| KELSEY NEWBERRY, | No.  59216-9-II |
| Respondent, | |
| v. | |
| TYLER GODSIL, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Tyler Godsil appeals the superior court's order renewing a protection order with K.N. as the protected party.  The record on appeal, however, is insufficient to allow us to review Godsil's alleged errors.  Accordingly, we affirm.

FACTS

In January 2023, the superior court entered a domestic violence, stalking, and antiharassment protection order protecting K.N. from Godsil.  Eleven months later, in December 2023, K.N. motioned the superior court for renewal of the protection order.  Following a hearing during which both Godsil and K.N. provided testimony, the superior court granted K.N.'s motion and entered a modified domestic violence protection order the same day.

Godsil appeals.

ANALYSIS

Godsil's appeal involves multiple assignments of error related to the renewal of the protection order, specifically: (1) the superior court erred by renewing the protection order because the original order was void, (2) the superior court erred by modifying the original provisions of the protection order as part of the renewal, (3) the superior court erred by finding that he failed to prove a substantial change of circumstances, (4) the superior court erred by renewing the protection order because K.N. did not need it, (5) the superior court erred by modifying the type of protection order K.N. requested, (6) the superior court was biased, allowed K.N. to present hearsay and fraudulent evidence, and did not give him a fair and equal opportunity to defend himself, and (7) he received ineffective assistance of counsel.

But to support these assignments of error, the only parts of the record that Godsil has designated are the relevant orders (the original protection order and the renewal orders), the motion to renew the original protection order, and the clerk's minutes from the hearings. Godsil has failed to designate any hearing transcripts—missing are verbatim records of the initial protection order hearing in January 2023 as well as the renewal hearing in December 2023. Godsil has also failed to designate K.N.'s original petition or any supporting materials from either party related to the two hearings.

"The appellant has the burden of perfecting the record so that the court has before it all the evidence relevant to the issue." *In re the Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); RAP 9.2(b). In this, Godsil has failed. All of the alleged errors require review of the evidence or reasons supporting the superior court's decision. But without transcripts of the hearings or the evidence presented, we have no ability to accurately evaluate the actions of the trial

No. 59216-9-II

court.  *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993) ("We cannot reach the merits of [appellant's] arguments because he has failed to provide us with a sufficient trial record."), *review denied*, 123 Wn.2d 1025 (1994).  Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, C.J.

J.